**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FRANK MARTINEZ ALVAREZ,

Petitioner,

v.

Case No. 2:26-cv-02429-MIS-LF

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court[1] on Petitioner Frank Martinez Alverez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 27, 2026. Respondents answered the Petition ("Response") on August 13, 2026, ECF No. 7.[2] Petitioner replied ("Reply") on September 1, 2026. ECF No. 9. On September 2 and 3, 2026, Respondents filed two supplemental responses. ECF Nos. 8, 10. On September 15, 2026, Respondents filed a

---

[1] This case was initially assigned to United States District Judge Matthew L. Garcia. On October 29, 2026, it was reassigned to the undersigned. ECF No. 14.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

notice providing information in relation to the second Supplemental Response. ECF No. 12. Petitioner filed a reply to the Supplemental Responses on September 10, 2026. ECF. No. 11. Finally, on October 15, 2026, Petitioner filed a Motion to Introduce New Evidence ("Motion"). ECF No. 13. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition, ECF No. 1, and Petitioner's Motion, ECF No. 13, for the reasons set forth herein.

## I. Background

This is Petitioner's second Petition. See Case No. 2:26-cv-00990-MIS-SCY ("Martinez Alvarez I"). Briefly, Petitioner is a Cuban citizen who entered the United States in 2014. Pet. at ¶¶ 4, 14. Petitioner was convicted in 2019 of a crime involving family violence. Id. at 10. A final order of removal was entered on October 17, 2022. Id. at ¶ 12. At some point thereafter, Petitioner applied for cancellation of removal. Id. at ¶ 11.

On January 23, 2026, Petitioner was taken into custody by United States Immigration and Customs Enforcement ("ICE"), where he has remained since. Id. at ¶ 8. He is currently in custody at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 9. In Martinez Alvarez I, filed on April 1, 2026, Petitioner alleged his prolonged detention violated his Fifth Amendment due process rights as set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), Martinez Alvarez I, ECF No. 1 at ¶¶ 17-21, his detention without a bond hearing violated his Fifth Amendment due process rights, id. at ¶¶ 22-24, that his detention was "arbitrary," id. at ¶¶ 25-27, and that he was not provided procedural protections, such as notice of a custody determination and an opportunity to contest it, id. at ¶¶ 28-29. The Court denied his initial Petition on April 21, 2026, finding that he was not entitled to a bond hearing because he was being detained pursuant to 8 U.S.C. §

1231(a)(1)(A) and that his detention was not yet unreasonably prolonged. Martinez Alvarez I, ECF No. 10 at 2-3.

In the instant Petition, Petitioner asserts the same four claims for relief as he did in the Initial Petition, noting that at the time of filing he had been detained for more than six months. See generally Pet. Petitioner also asserts that Mexico has refused to accept him. Id. at ¶ 14. Respondents provided documentation that twice, once on February 6, 2026, and once on August 28, 2026, Petitioner interfered with efforts to remove him to Mexico. Decl. of Reyes I, ECF No. 7-3; Decl. of Reyes II, ECF No. 8-1. On February 6, 2026, Petitioner refused to exit the vehicle during a removal operation at the Santa Teresa Port of Entry. Decl. of Reyes I, ECF No. 7-3 at ¶ 5. Ten days later, ICE served Petitioner with a Warning for Failure to Depart and Notice of Removal to Mexico, which he refused to sign. Warning, ECF No. 7-4; Notice of Removal I, ECF No. 7-5. ICE served a second Notice of Removal on February 24, 2026, which Petitioner again refused to sign. Notice of Removal II, ECF No. 7-6. On August 28, 2026, Petitioner again refused to exit the vehicle during a removal operation. Decl. of Reyes II, ECF No. 8-1 at ¶ 5.

In his Reply, Petitioner acknowledges that he refused to exit the vehicle during the February 2026 removal operation, but asserts, for the first time, that he was afraid of going to Mexico because he was not born there and was not shown any document that Mexico would accept him. Reply at 1. Based on Petitioner's representation in his Reply that he was afraid to enter Mexico, ICE's Office of the Principal Legal Advisor (OPLA) determined that Petitioner had not had a reasonable fear assessment for removal to Mexico, and after a September 10, 2026, interview with an asylum officer, Respondents determined that he had negative credible fear related to removal to Mexico. See generally ECF Nos. 10, 12. Petitioner does not assert that he did not receive an

interview with an asylum officer regarding his fear of removal to Mexico or otherwise dispute Respondents' assertions. See generally ECF Nos. 11, 13.

Finally, Petitioner's Motion to Introduce New Evidence states that "the intend [sic] to removal to Mexico is not at legal consulate matter" and that "Cuban National Removal to Mexico is not a legal process of removal." Petitioner cites to ten District of New Mexico cases where a Petitioner was released. ECF No. 13.

On July 31, 2026, Judge Garcia issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the Petition and show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Analysis

First, the Court DENIES Petitioner's Motion to Introduce New Evidence. ECF No. 13. As best the Court can determine, Petitioner introduces no new evidence at all but instead appears to argue that removal of a Cuban National to Mexico violates some due process rights. His argument is both undeveloped and late. See Singh v. Castro, No. 26-CV-00168 JB/JFR, 2026 WL 473203, at *3 (D.N.M. Feb. 19, 2026), report and recommendation adopted, No. CIV 26-0168 JB/JFR, 2026 WL 867846 (D.N.M. Mar. 30, 2026) (cursory arguments are waived); Springer v. Seventh Jud. Dist. Ct., Case 1:23-cv-00499-MIS-JMR, 2023 WL 7130541, at *2 (D.N.M. Oct. 30, 2023) (arguments raised for the first time in reply are waived).

Turning to the merits of the instant Petition, Petitioner argues as before that his ongoing, prolonged detention violates his Fifth Amendment right to due process in that his removal is not likely in the reasonably foreseeable future.[3] See generally Pet. at 3. He requests immediate release. Id. at 4. Respondents acknowledge that Petitioner has been detained for more than 6 months. Resp. at 1. Respondents argue, however, that Petitioner cannot meet his burden under Zadvydas to establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future where his own actions have prevented his removal. Id. at 3-4.

After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Section 1231(a)(6) allows for the extension of the 90-day removal period where the Attorney General determines that the noncitizen is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). Relying on the detention structure set forth in § 1231(a),

[3] To the extent that Petitioner also argues in Claims for Relief II through IV, that he was denied a bond hearing or other procedural protections, the Court summarily dismisses those claims, having already ruled upon them in Martinez Alvarez I. Martinez Alvarez I, ECF No. 10 at 2-3.

Zadvydas held that custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C). "The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

That is the case here, as it is undisputed that twice, without having previously raised a reasonable fear claim[4], Petitioner refused to exit the vehicle during removal operations. The most recent incident of Petitioner's non-cooperation occurred on August 28, 2026. Thus, the Court finds that, at least through August 28, 2026, Petitioner refused to cooperate with removal efforts, which restarted the removal period pursuant to 8 U.S.C. §1231(a)(1)(C).

The Court notes that Petitioner's acts of non-cooperation do not then give the government license to detain him indefinitely without making further efforts to remove him. See Diouf v. Mukasey, 542 F.3d 1222, 1230-31 (9th Cir. 2008). The Ninth Circuit has spoken clearly and persuasively on the effect of instances of non-cooperation in the removal process, and the Court

[4] In addition, once Petitioner raised such a claim during the briefing of this case, Respondents evaluated and rejected it and Petitioner provides no basis to suggest such an evaluation did not occur or that it was not constitutionally adequate.

hereby adopts the Ninth Circuit's position, holding that the 90-day removal period "restart[s] following the latest date of documented obstruction." Id. at 1231. The record shows the last date of documented obstruction occurred on August 28, 2026, meaning that, under the approach set forth in Diouf, the 90-day removal period would expire expired on or about November 26, 2026. However, the 90-day clock may be extended under § 1231(a)(6) through a presumptively reasonable period of 6-months or in this case through February 28, 2026. 8 U.S.C. § 1231(a)(6); Zadvydas, 533 U.S. at 701; see also Diouf, 542 F. 3d at 1232 (extending the restarted 90-day clock pursuant to § 1231(a)(6) where a noncitizen had obstructed removal efforts).

As the end of this presumptively reasonable period to remove Petitioner after the last documented act of obstruction has not been reached, the Court must deny the Petition. However, the Court does not rule out the possibility that Petitioner's ongoing detention may, at some point (possibly as soon as February 26, 2027), become unreasonably indefinite, if for example Petitioner has not engaged in additional acts of obstruction related to Respondents' removal efforts.

Accordingly, it is **HEREBY ORDERED** that Petitioner Frank Martinez Alvarez's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE